09-5049-ag
Yang v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand ten.

PRESENT:
        ROGER J. MINER,
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
            *Circuit Judges*.

————————————————————————————————————

JIAN XIN YANG,
        *Petitioner*,

        v.                                      09-5049-ag
                                                NAC
ERIC H. HOLDER, JR.,
U.S. ATTORNEY GENERAL,
        *Respondent*.

————————————————————————————————————

FOR PETITIONER:       Edward T. Giuliano, New York, N.Y.

FOR RESPONDENT:       Ilissa M. Gould, Trial Attorney,
                      Office of Immigration Litigation,
                      *for* Tony West, Assistant Attorney
                      General; Leslie McKay, Assistant
                      Director; United States Department
                      of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Xin Yang, a native and citizen of the People's Republic of China, seeks review of a November 19, 2009 order of the BIA affirming the January 18, 2008 decision of Immigration Judge ("IJ") Noel A. Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Xin Yang*, No. A099 532 376 (B.I.A. Nov. 19, 2009), *aff'g* No. A099 532 376 (Immig. Ct. N.Y. City Jan. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Yang challenges the IJ's adverse credibility determination. He contends that the IJ erred in finding that his testimony was inconsistent with his asylum application and that he omitted information from his application.

"We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008)(quoting 8 U.S.C. § 1252(b)(4)(B)). "When evaluating credibility determinations for substantial evidence, we afford 'particular deference' to the IJ." *Id.* at 165-66 (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004)). "We must assess whether the IJ has provided 'specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding.'" *Id.* (quoting *Zhou Yun Zhang*, 386 F.3d at 74). "Where the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (internal quotation marks and punctuation omitted). In the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

In connection with asylum applications governed by the REAL ID Act, the agency may make a credibility finding based upon an applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies

3

in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Here, we defer to the IJ's determination that Yang's "uncomfortable," "hesitant," and "evasive" demeanor undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (explaining that this Court generally defers to credibility determinations that are based on an alien's demeanor and that IJs have "the unique advantage . . . of having heard directly from the applicant"); *see also Shu Wen Sun v. Bd. of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007).

We likewise find no error in the IJ's determination that Yang's credibility was undermined by his admission that he lied about his employment history in his asylum application.[1] *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (finding that once an IJ concludes that a document is false, he or she is "free to deem suspect other

---

[1] The IJ found also that Yang's asylum application was frivolous on the ground that he knowingly made a false statement therein.  Yang, however, fails to challenge that finding before this Court and, consequently, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

4

documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

Moreover, the BIA identified numerous discrepancies in the record regarding the timing and circumstances of Yang's marriage, his wife's abortion, and his subsequent receipt of a fine notice and his inability to explain how he and his wife violated Chinese family planning policy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Yang does not contest that these inconsistencies appear in the record. These discrepancies supported the IJ's finding that Yang was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence in view of her findings regarding Yang's demeanor, the false statement in Yang's asylum application, and numerous inconsistencies in the record. Because Yang's asylum, withholding of removal, and CAT claims share the same "factual basis," *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006), that determination is dispositive of Yang's petition. *See id.; Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk